LAWRENCE *against* SEBOR.

If the acting partner in a concern of two, cause an insurance to be effected for the amount of his own share, and the policy state it to be on his account, but retain the general printed words of "whomsoever else it may concern," the insurance will be held to have been made on the joint account, if such appear to have been the intention of the assured, and to gather this intention, the letters of the assured may be resorted to, though they were never shown to the underwriter, who subscribed upon seeing instructions to insure only on the separate account of the acting partner. Under such circumstances, if the policy be for half the cargo, and on capture half be condemned, and half be acquitted, the assured can recover only a moiety of the sum insured.

THIS was an action on a policy of insurance for 5,000 dollars, on the cargo of the sloop Hope, at and from Guadaloupe to New York, for account of Richard M. Lawrence. Premium 3 1-2 per cent. The declaration, besides other counts, contained one averring the insurance to have been for account of the plaintiff; another averring it for account of the plaintiff and one Thomas T. Gault.

The facts, as agreed to in the case made, were these: The plaintiff residing in Guadaloupe, and Gault in St. Kitts, though not general partners in trade, were jointly interested in the cargo of the Hope. On the 23d of June, Lawrence wrote to Lawrence & Whitney, his correspondents in New York, directing insurance for the sum in the

policy, but not specifying on whose particular account. The letter, however, stated that the plaintiff had given to Gault an order for the net proceeds of the sloop's outward cargo, and that he had drawn a bill on them for 3,000 dollars, which was to be charged to the shipment. But this letter was never shown nor communicated to the underwriters or insurance brokers, and the policy was effected on the following written order delivered to Hoyt & Tom. " Will you effect insurance on 5,000 dollars, cargo of the sloop Hope, from Guadaloupe to this port. She was to sail on or about the third of July. For account of Richard M. Lawrence, premium not to exceed 3 and 1-2 per cent." On the voyage the vessel was captured and carried into Mountserrat, where, on the 28th of [*204] July, 1801, *Lawrence & Gault interposed a claim for the cargo, but, by the sentence, the portion of Gault was acquitted, and that of Lawrence condemned, with costs against both. Among the admiralty papers was a letter from the plaintiff ordering an additional insurance for 4,500 dollars on the cargo of the Hope; though knowledge of this never came to the underwriters or the brokers Hoyt & Tom.

On the 18th February, 1802, the abandonment was made.

At the trial of the cause a verdict was taken for the plaintiff, subject to the opinion of the court, whether the plaintiff could recover for a total, or a partial loss? or, whether he could recover at all?

On the part of the plaintiff it was insisted, that the insurance ensured to his own separate benefit.(a)

(a) Where the policy does contain the general words "whomsoever else," &c., if the interest of the assured named, be only a several proportion of an undivided whole, and he have not authority to insure all, he will be entitled to recover to the full extent of the policy, if his interest warrant it. *Lawrence & Whitney* v. *Vanhorn & Clarkson,* 1 Caines' Rep. 276. So where the policy is in favor of a citizen or subject to whom the whole cargo belongs, under the general words, the subsequently acquired interest of a fellow citizen or subject will be protected. *Perchard* v. *Whitmore,* 2 Bos. & Pull. 155, n. (a.)

Lawrence v. Sebor.

*Harison*, for the plaintiff. Lawrence & Gault, as part-ners, were tenants in common ; each possessing an undi-vided half of the general property. That the individual part of the plaintiff was intended to be protected by the insurance is plain. Of his interest only was the under-writer apprised ; his name was inserted in the policy, and it is a settled rule that the written part of the instrument shall control the general words which are used. It can never be insisted that the letters of the plaintiff to his correspondents can influence the decision of this case. They were not communicated to the insurers. All that was dis-closed was the order, and the only question is, whether the plaintiff had an insurable interest to the amount in the policy. There is nothing in the nature of joint property which prevents an exclusive insurance of one undivided moiety. Under the contract now before the court, Gault could not have recovered, had the vessel been carried into a French port, and his share condemned in a French tribu-nal. In *Page* v. *Fry*, 2 Bos. & Pull. 240, it was held that an averment of the plaintiff's being interested to the whole amount of the cargo insured, was supported by evidence showing he had some interest, though, previous to effecting the policy, he had sold the major part to another person. Surely, then, an averment of the insurance being on ac-count of the plaintiff, is maintained by showing an undi-vided interest to the amount insured. Nothing can be urged against the abandonment. While the loss continues

*Page* v. *Fry*, ibid. 240. But where the instrument does not contain the above general words, it does not cover the interest of a joint owner not named. *Graves & Barnewall* v. *Boston Mar. Ins. Co.*, 2 Cranch, 419. Even a valued policy effected in the name of one partner only, does not extend to his associate, and if to the amount of the interest of the partner mentioned be underwritten by one underwriter, and the residue of the value specified by another, the policy is void as to the surplus beyond the interest of the assured who is named. *Dumas* v. *Jones*, 4 Tyng, 647. The report of which does not state whether the general words were retained in the policy or not, though it is probable they were not.

total, it. is never too late to abandon and recover for the whole.   *Guerlain* v. *Shaw,* in the case of the Grand Turk.

*Pendleton,* contra.  The policy extends to a cargo, [*205]. the interests *in which are joint in every part. Had half been saved from shipwreck, a moiety would have belonged to Gault.  As half is acquitted, a moiety belongs to him; and the underwriter is entitled to the advantage of this, in the nature of salvage.   Otherwise a policy on half would, in a case like this, cover and secure the whole; for, as half is restored, if half be also recovered, partners residing as these do are always wholly safe by insuring only a moiety.   The letters prove the joint property was intended to be covered..   An abandonment, to entitle to a total loss, must be made in the first instance.   Park, 172, 181, 182.

*Harison,* in reply.   The principle of the English authorities is, that if, after lying by, the loss is changed to a partial or average loss, you shall not, by abandoning, set up a claim for a total loss; but this is inapplicable when the loss continues total; you must, in such a case, recover for a total loss, or you cannot recover anything.   But whatever the British decisions may be, ours have settled the law in a different manner.   The interest to be covered by this policy can be only that which the underwriter and underwritten contemplated.   That only was the subject of contract.   What, therefore, was contained in letters between the plaintiff and his correspondent, or how that interest is to be settled in account with Gault, is immaterial.   What was the intent of the parties to the contract, as it appears from the written instructions?   That, and that alone, is to govern.

LIVINGSTON, J.   This is an attempt to recover as for a total loss, under a pretence that the assurance was effected for the plaintiff's separate interest, and was intended to

cover nothing more than his proportion of the joint property. There can be no doubt that such an insurance may be made, and then, as in the case of *Lawrence & .Whitney* v. *Vanhorn & Clarkson,* (Vol. 1. p. 276,) the partner, who thus insures his particular interest, will be permitted to recover accordingly; but there it appeared that· Lawrence & Whitney had no right to insure for· the other parties concerned in the voyage, and that it was well understood that the policy was to extend to their share only. But every thing forbids such a conclusion here. The plaintiff was at. Gaudaloupe, and to him was committed the entire manage-· ment of the voyage. He made·the purchases; he loaded the vessel. To him it was left, and thence it became his duty to make insurances. The shipment was made on the joint account (and so expressed in *the [*206] bills of lading and invoices) of him and Gault, and amounted, with charges, to 9,922 dollars. On the 23rd of June, 1801, the plaintiff directs.his agents in New-York to make insurance for 5,000 dollars. In this letter he speaks of Gault, and of his loading the sloop Hope on their joint account; and there is nothing in it from which it can be inferred that he intended to confine the insurance to his own proportion of the adventure. Five days after the plaintiff writes another letter, directing an additional insurance to be made on the same shipment, for 4,500 dollars, which would have covered all the property on board. After this, no doubt can be harbored of the plaintiff's intention. But it is said that these letters, not being communicated to the underwriters, ought not to be received to explain the meaning of the parties. This may generally be right; but if any doubt arise on the written contract, I think the acts of the assured, although not known to the assurers, may be examined to show that his intentions were different from what afterwards he pretends was the case. If he had designed to restrain the insurance to his interest in the cargo, it was easy to have used apt words for that purpose. If this had not been done, and there be any con-

troversy as to its extent, and this has been occasioned by what may be deemed a neglect in the plaintiff himself, his acts, however desirous he may be to keep them from our view, must surely be good evidence, if they militate against the construction he now sets up, or if they have a tendency to show that it is foreign from what he intended at the time, and contrary to his own written instructions. But there is no necessity to travel out of the contract, which is always dangerous, to ascertain the meaning of the parties to it. The insurance is not only for Lawrence, but for " every other person to whom the property doth, may, or shall appertain, in part or in whole." After this we must do violence to the plain import of these terms, to confine this indemnity to the goods of Lawrence alone, *or to the* amount of his interest in the joint property. This is the usual way of making insurances on a joint interest for a particular voyage, where no general partnership exists. One of the concern is intrusted with the conduct of the voyage, and in making insurance. Ordinarily he discloses his own name only, but under such contract the other partners will be permitted to recover for a loss of their interest also. The words " for account of Richard M. Lawrence,"

[*207]    being in writing, is of no moment, for as they do not contradict, there is no reason *why they should control, the printed clauses of the instrument. It may be be subjoined, that no one can doubt the plaintiff may charge Gault with his proportion of the premium of insurance, and that the latter may compel him to carry to his credit whatever is recovered in this suit. If so, it is another reason for regarding this, as it was most certainly intended to be, an insurance of the joint property. The French law has been referred to as settling this point in favor of the plaintiff; but on looking into Emerigon and Valin, we shall find them at variance. The former being of opinion that an assurance by one partner, without a specification of the interest he means to cover, is valid, only for his proportion of the adventure, while Valin, however, with several writers

cited by him, consider it as extending to the whole cargo ; *quia id quod commune est, nostrum esse dicitur.* This is especially so, says Valin, if the insurance be made by the *chef de la societe,* or acting partner, as was the case here. It should be observed also, that Emerigon, in giving his opinion on a question which he admits to have been much agitated, makes use of expressions not only very guarded, but which cannot be applied to the present policy. If partnership effects are loaded, says he, for my account and that of others, an insurance which is made for "my sole account, (*pour mon compte seule,*) will only protect my interest, because nothing more has been covered. 1 Emer. 294 ; 2 Val. 34. But is that the case here? When the policy is as general as our language can make it, shall we call it an insurance "on the sole account" of Lawrence? Emerigon also admits that a judgment has been rendered in France, contrary to the opinion he entertains. Something was said of a misrepresentation as to the time of the vessel's sailing, but this objection was abandoned on the argument.

As to the lateness of the abandonment, this is a point I consider as settled by this court, in the case of *Earle* v. *Shaw.* It was there determined, that an abandonment, is never too late, provided the loss continue total to the time of making it.

Being, then, well satisfied that the plaintiff meant to insure the property of Gault as well as his own, and that the terms of the policy comport with this intention, he can recover a partial loss only. Judgment must therefore be entered for 366 dollars and 60 cents.

SPENCER and TOMPKINS, Justices, concurred.

KENT, Ch. J. Upon this case, the question is, whether the plaintiff shall recover the moiety of the sum insured, or the *whole? There is no dispute but [*208] that the plaintiff's individual interest was sufficient to cover the whole policy.

The time of abandonment is not material, since, if the amount insured is to enure to the plaintiff, the loss remained total when the abandonment was made. This court has repeatedly decided that abandonment is not essential to enable the insured to recover a total loss, if the loss be actually total, and continue so to the bringing of the suit. *Earle* v. *Lefferts; Earle* v. *Shaw*, April, 1800; *Roget* v. *Thurston*, April, 1801; *Page* v. *Fry*, 2 Bos. & Pul. 240; 1 Caines' Rep. 284.

There can be no doubt, also, but that a partner has such an interest in the entirety of the cargo as to enable him separately to insure it; and that an averment that he had an interest in the property to the amount of the insurance is supported by proof of a partnership interest in him to that amount.

The important inquiry in the case is, what was the intent of the parties in the present case? Was the insurance intended for the separate interest of the plaintiff, or for the joint interest of him and Gault? if the latter, then it appears that only a moiety of the sum insured has been lost.

It does not appear that the plaintiff and Gault were general partners in business. It is rather to be intended from the case, that they were partners only in the particular shipment in question; and, although the printed part of the policy be in the usual form, yet the order to insure was for the account of the plaintiff, and the blank in the policy was filled up accordingly for account of the plaintiff; no other communication was made to the defendant but the order. I am therefore of opinion, arising from these material features in the case, that the evidence resulting from the contract itself must decide the question. It is there that we are to look for the intent. The plaintiff and Gault were special partners; the order limits the insurance to the plaintiff. His name alone is inserted in the policy. His share in the shipment equalled the amount of the insurance, and the joint interest of him and Gault was not brought into view in making the contract. The letter of

Lawrence v. Sebor.

the plaintiff was not communicated, nor do I think it would have been very material if it had, for it is too equivocal and indefinite to operate by way of explanation or control of the policy. This question has been much discussed and litigated by the French and Italian writers, and different opinions have been entertained on the subject. Valin, vol. 2, p. 34, however, concludes that if one insure as his own a thing in common between him and others, the policy is valid only for his portion, unless he was the principal of the firm. *Emerigon, vol. 1, p. 293, [*209] 294, 295, after stating the various opinions on the point, says that the general rule is, that each copartner is presumed not to insure but for himself; and if one insures, and the insurance be declared to be for his account, it will enure only to the extent of the interest of such partner.

This opinion is entitled to the more weight, considering that the general principles of the law of insurance are the same in every country. I think, therefore, that the plaintiff is entitled to recover for a total loss, and that the verdict ought to stand.

THOMPSON, J. The only important question arising out of this case is, whether this insurance shall be considered as made for account of Richard M. Lawrence solely, or for account of Lawrence and Gault? If for the former, the verdict must stand; if for the latter, it must be reduced to $366 and 60 cents. Several other points were raised by the defendant's counsel on the argument, but which were either abandoned or fall within the rules and principles heretofore settled in this court. The principal one was with respect to the abandonment, whether it was made in season, the loss having happened in June, 1801, and the abandonment not made until the February following. The rule on that subject I understand to be, that the assured may abandon at any time while the loss continues total. If that be so, the abandonment in the present instance was

in season. With respect to the main question, I am in-clined to think the plaintiff is entitled to recover as for a total loss. Admitting the plaintiff to have only a joint interest in the subject with Gault, there is no doubt but he could insure his own interest therein separately, and, under a general averment of interest in the entire thing insured, prove an interest in any aliquot part, and recover damages for the loss in proportion to such part. This point was settled in this court in the case of *Lawrence & Whitney* v. *Vanhorn & Clarkson.* The policy declares the insurance to be made for account of Richard M. Lawrence, and although the general printed words, "for whomsoever it may con-cern," might cover the interest of others, yet the written words serve in some measure as an index, by which to ascertain the intention and understanding of the parties. In the present case it must manifestly have been the under-standing of the defendant and of the broker who effected the policy, that the insurance was on account of Richard

[\*210] M. Lawrence only. The order for insurance given by Lawrence and Whitney, the \*plaintiff's agents, to the brokers, were *explicit* that the insurance was to be for account of Richard M. Lawrence. The letters written by the plaintiff to his agents, I think, are not en-titled to much weight; for, from the one which they re-ceived, it may be doubtful whether it contained directions to insure on the joint account of Lawrence and Gault, or on the separate account of Lawrence. The one which never came to hand ought certainly to have no influence on the question. Whatever intimations were given by the plaintiff to his agents, with respect to Gault's interest in the cargo, they never came to the knowledge of the under-writer. The representation made to the defendant was, that the insurance was for account of Richard M. Lawrence, and if, in any state of things, it would have been for the benefit of the underwriter to have confined the interest in cargo to Lawrence only, he might have urged, with great force and propriety, that such was the understanding of

the parties at the time the policy was effected. The situations of Lawrence and Gault were different, and should an attempt have been made to recover, under different cir cumstances, on the joint interest of Lawrence and Gault, and the risk had been increased by the concern of Gault, in the subject insured, the underwriter would have had good right to urge the representation as a ground of fraud to avoid the policy. I think, from the policy itself, and from the understanding of the immediate contracting parties, it is clearly to be inferred that the insurance was in. tended for account of Richard M. Lawrence only. His interest is sufficient to cover the sum insured, and nothing appears in the case to induce a suspicion of fraud, or that he has, or is to derive any benefit from that part of the cargo restored to Gault. I am therefore of opinion that the plaintiff ought to have judgment for the 639 dollars and 34 cents.

Judgment for 366 dollars and sixty cents only.