Putnam J.
delivered the opinion of the Court. We are satisfied that one tenant in common of a vessel has no right to cause insurance to be made on property on board, for his co-tenants, who are the owners of the other parts of the vessel ; Bell v. Humphries, 2 Stark. R. 345 ; and it is settled that the master of the vessel, merely in virtue of his authority as such master, has no power to procure insurance for the owners. French v. Backhouse, 5 Burr. 2727.[1]
The plaintiffs, deriving their authority to make the insurance for the owners of the brig merely from the letter of Capt. Gorham, and no directions having been given by them to him for that purpose, and no adoption or ratification of the act of the master having been proved, cannot recover for the joint account of the owners.
But we think, that as Capt. Gorham had an interest himself in the property, viz. in one third of $456-37, which was owned jointly, and in $317-55, which he owned in severalty, the plaintiffs may recover for that interest. So far as he was concerned, the plaintiffs had authority to effect the insurance, and the policy must avail to that extent. There is no reason to doubt but that he intended to get insurance for the other owners, but the intent has failed by reason of the objections made by the defendants, in respect of the want of authority to insure for their account.
The second count contains averments which we think are sufficient to enable the plaintiffs to recover for Capt. Gorham. It states that Gorham, Babbit and Mason were the owners of the brig, and that they were jointly interested in the property on board. And it cannot be doubted but that Gorham had a right to insure his interest in the joint property. This count further states that Gorham was solely interested in other property on board to the amount above stated. And the proof has been given of these averments.
*91 it has been contended for the defendants, that this is a matter of construction, and that it is not competent to go out of the contract to ascertain the intent ; that the phrase “ owners of the brig ” means owners collectively and not severally, and that no recovery can be had but for the joint account.
A more reasonable construction has been held in New York, which we adopt. In Catlett v. Pacific Ins. Co. 1 Wendell, 561, the policy was effected by Le Roy, Bayard & Co. on account of the owners, on goods on board the brig Sphinx $ and it was held, that where the assured were not named in the policy, it was competent to prove who they were, by extrinsic evidence ; that “ the plaintiffs were properly admitted to show that the insurance was effected by them to cover their own individual interest in the adventure.”
The same case is reported in 1 Paine’s C. C. Rep. 615, and Thompson J. remarked, that “it is clear, if the assured aver an entire interest in themselves in the subject insured, such averment cannot be supported by evidence of a joint interest with others. Nor can the averment of a joint interest with others be supported by proof of a sole interest.” But in the case before us (as has been observed) the averments in the second count correspond precisely with the fact. Gorham was interested in one third of the joint property, and he had some on his sole account. We consider the policy to be effected for whomsoever it might concern, being owners of the Sampson, and that those were words of descript’on of the persons who were to be assured, comprehending one or more who were owners. And we think it is within the true meaning of the policy to ascertain the interest, as well as the persons who were the owners, by extrinsic evidence.
There is a count for money had and received, under which the premium for the other owners who were not insured (for the reasons before stated) will be recovered back. The defendants are to be defaulted and judgment is to be entered according to this opinion.[1]

 See Roberts v. Ogilby, 9 Price, 269 ; Hooper v. Lusby, 4 Campb. 66; Robinson. v. Gleadow, 2 Scott, 250; S. C.2 Bingh. N. R. 156; Gen. Int. Ins. Co. v. Ruggles, 12 Wheat. 408; Finney v. Warren Ins. Co. 1 Metc. 16.

 See Turner v. Burrows, 5 Wend. 541; S. C. 8 Wend. 144; Burrows v. Turner, 24 Wend. 276; Pacific Ins. Co. v. Catlett, 4 Wend. 75, Irving v. Richardson, 2 Barn. & Adol. 193.