## EZRA FINNEY & others *vs.* THE BEDFORD COMMERCIAL INSURANCE COMPANY.

The rule which excludes parol evidence, when offered to contradict or vary the terms of a written agreement, applies as well to policies of insurance as to other agreements.

When a part owner of a vessel or its outfits effects insurance thereon in his own name only, and nothing in the policy shows that the interest of any other person is secured thereby, an action on the policy cannot be maintained in the names of all the owners, upon parol evidence that such part owner was their agent for procuring insurance, and that his agency and their ownership were known to the underwriters, and that the underwriters agreed to insure for them all, and that it was the intention of all the parties, in making the policy, to cover the interest of all the owners.

When all the owners of an insured vessel bring an action on a policy which covers only the interest of one part owner, the declaration may be amended by striking out all the names except that of such part owner, and he may thereupon recover the amount of his loss.

ASSUMPSIT on a policy of insurance, dated December 19th 1839, in these words: "The President and Directors of the Bedford Commercial Insurance Company do, by these presents, cause John S. Bates to be assured, lost or not lost, fourteen hundred dollars on the outfits of barque Volante, from Rochester to wherever she may go on a whaling voyage, with liberty to touch at all ports or places for refreshments, and back to Rochester, commencing the risk the 13th day of October 1839."

At the trial before *Hubbard*, J. the plaintiffs offered to prove that the barque and her outfits, mentioned in the policy, were, at the time when application was made to the defendants, and when said policy was issued, owned by the plaintiffs, according to her register; the said John S. Bates being an owner of an inconsiderable part only: That said Bates was the plaintiffs' agent for procuring the insurance, and that this fact, and also the ownership, as before mentioned, were then known to the directors of the insurance company: That said Bates applied to said directors for insurance, to the amount mentioned in the policy, in behalf of all said owners; that the said directors agreed to insure for all the owners; and that it was the inten

tion of all the parties, in making the policy as it was made, to cover the interest of all the owners, by the insurance.

The defendants objected to the admission of this evidence, and the judge rejected it. A verdict was then taken for the defendants, to be set aside, and a new trial granted, if, in the opinion of the whole court, said evidence ought to have been admitted. Otherwise, the plaintiffs to have liberty to amend, by striking out all their names, except that of said Bates.

*Eddy & Coffin*, for the plaintiffs. In Story on Agency, § 161, it is said, that " a written contract, made by a factor, in his own name, for the purchase or sale of goods for his principal, will bind the principal, and he may be sued thereon, exactly as if he were named in it. So, if an agent should procure a policy of insurance, in his own name, for the benefit of his principal, the agent, *as well as the principal,* may sue thereon." In *De Vignier* v. *Swanson,* 1 Bos. & Pul. 346, *note,* a policy was effected in the name of G. M. & Co., the plaintiff's brokers and agents. G. M. & Co. were not called agents in the policy ; but in the plaintiff's declaration they were stated to be " the persons who received the order for and effected the said assurance." After a verdict for the plaintiff, a rule *nisi* for a nonsuit was obtained ; but Lord Kenyon expressed his surprise to find that the rule had been drawn up, and said there was nothing in the case, and the rule was discharged without argument. The declaration, in the case at bar, may be amended by alleging that Bates was agent for the plaintiffs. See also *Davis* v. *Boardman,* 12 Mass. 80. *Bell* v. *Gilson,* 1 Bos. & Pul. 345. *Mellish* v. *Bell,* 15 East, 4. *Ruan* v. *Gardner,* and *Beale* v. *Pettit,* 1 Wash. C. C. 145, 241. *Graves* v. *Boston Marine Ins. Co.* 2 Cranch, 419. Marsh. Ins. (Condy's ed.) 688. In *Finney* v. *Warren Ins. Co.* 1 Met. 16, which will be cited for the defendants, the plaintiff did not, as was done in the case at bar, propose to insure for any one besides himself.

In *Dumas* v. *Jones,* 4 Mass. 651, Parker, J. says, " the policy should express, *or at least the underwriter should be made to know,* the interest of all the persons in whose favor his contract is to operate."

*Colby & Clifford,* for the defendants. The terms of a policy of insurance cannot be varied by parol evidence. *Finney* v. *Warren Ins. Co.* 1 Met. 16. *Finney* v. *Fairhaven Ins. Co.* 5 Met. 192. 1 Phil. Ins. (2d ed.) 160. *Pearson* v. *Lord,* 6 Mass. 81. *Kemble* v. *Rhinelander,* 3 Johns. Cas. 130. *Murray* v. *Columbian Ins. Co.* 11 Johns. 302. *Cohen* v. *Hannam,* 5 Taunt. 101. *Turner* v. *Burrows,* 5 Wend. 541. *Dumas* v. *Jones,* 4 Mass. 647. Greenl. on Ev. § 277. Parol evidence was admitted to reform the policy, in the case cited from 2 Cranch, 419, because the policy could not be admitted in evidence, without reformation.

DEWEY, J. The question here presented is, not as to the competency of John S. Bates to effect an insurance for the benefit of all his associates, who were interested in the property which was the subject of the insurance, but whether, upon the face of this policy, and the terms of this contract of insurance, the legal effect is not to restrict the insurance to the sole interest of Bates. It may at once be conceded, that it was competent for Bates to effect such insurance on the entire interest of all concerned, if either previously authorized by the co-owners, or if they elected to ratify his act, even after the loss of the property. *Finney* v. *Fairhaven Ins. Co.* 5 Met. 192. But the appropriate form of the policy in such cases is, " for himself and other owners," or " for whom it may concern," or other words indicating that the insurance is to embrace an interest beyond that of the party in whose name the policy is issued. Such words, or equivalent ones, being introduced into the policy, the rules of law then authorize extrinsic evidence as to the persons who are parties in interest, and who may enforce their claims upon such policy, though not particularly named therein.

But the real question here is, whether a policy, made in the name of a particular person, who is the owner of a small proportion in interest of the property insured, without any words indicating an intention to insure beyond his own interest, can be made effectual to cover the interest of others, upon parol proof that the application for insurance was for such others, as well as for the party named, and that this was well known to

the insurers, and that it was the intention and understanding of all the parties, that the policy was to cover the interest of all the owners. The general rule excluding parol evidence, when offered to contradict or vary the terms of a written contract, seems to forbid it. When the parties have put their agreement into writing, and the terms of it are plain and direct, leaving no uncertainty as to the nature of it, we must treat it as the whole engagement of the parties; and this excludes all parol evidence of conversations, or declarations of the intentions of the parties, tending to show another and different contract. *Stackpole* v. *Arnold,* 11 Mass. 31. Greenl. on Ev. § 275. This principle, we apprehend, applies as well to contracts of insurance as to other agreements. Such seems to be the doctrine of the adjudicated cases. Thus in *Pearson* v. *Lord,* 6 Mass. 84, Sewall, J. in delivering the opinion of the court, says, "the instrument itself is regarded as the best, and, for this purpose, must be understood to be the only evidence of the contract. No case can, I believe, be imagined, where the maxim, *expressio unius est exclusio alterius,* applies more emphatically than in the naming of the party assured in a policy of insurance." In *Graves* v. *Boston Marine Ins. Co.* 2 Cranch, 419, it was held that a policy in the name of one part owner, with the words added, "as property may appear," without the clause stating the insurance to be for the benefit of all concerned, does not cover the interest of another joint owner; the words, "as property may appear," being considered as applicable to the property of the one in whose name the policy issued. Marshall, C. J. says, "the contract ought to have been so expressed as to show that the interest of some other than Graves was secured, if such was to be the effect of the instrument. A policy, though construed liberally, is still a special contract; and under no rule for proceedings on a special contract, could the interest of copartnership be given in evidence on an averment of individual interest, or the averment of the interest of a company be supported by a special contract relating in its terms to the interest of an individual." See also *Murray* v. *Columbian Ins. Co.* 11 Johns. 302. *Turner* v. *Burrows,* 5 Wend. 541. *Finney* v. *Warren Ins. Co.* 1 Met. 18.

The only case referred to by the plaintiff which seems, in any degree, to conflict with this view of the subject, is that of *De Vignier* v. *Swanson,* cited in a note to *Bell* v. *Gilson,* 1 Bos. & Pul. 346, where it seems to have been held that a policy of insurance, in the name of certain persons who procured it as agents, although they were not described as agents in the policy, was good and valid for the persons for whom it was effected.   The question there raised, however, was merely. whether the form of the policy was in accordance with the provisions of the *St.* of 28 Geo. III. *c.* 56, requiring the names of the consignors or consignees of the property to be insured, or the names of the persons residing in Great Britain who shall receive the order or effect such policy, or the persons who shall give the order or direction to the agent employed to effect such policy, to be inserted in such policy ; and it was held to be a sufficient compliance with the statute to insert the names of the agents, without stating them to be agents.

The court are of opinion that the evidence proposed in the case at bar was incompetent, and that the verdict for the defendants was properly ordered.   The plaintiff has, however, leave to amend by striking out the names of all the plaintiffs except John S. Bates, who will be entitled to recover, to the extent of his interest in the property insured.