BURGHER & LACOUR *vs.* THE COLUMBIAN INSURANCE COMPANY OF PHILADELPHIA.

Where a complaint averred an insurance to B. & L., on a joint interest, and a joint loss, and the proof showed a joint loss, but an insurance to B. alone, without any general words, such as for the "benefit of whom it may concern," or "as the property may appear;" *held*, a fatal variance.

In this country the rule is well settled that such an insurance is by the party named, alone, and for his own and sole benefit; even in case of a *partnership*, and where the property insured is partnership property.

MOTION by the defendants for a new trial; the plaintiffs having obtained a verdict at the circuit.

*By the Court,* EDMONDS, P. J. The complaint in this case is filed to recover a joint loss on an insurance of a joint interest. The proof is of a separate insurance by *Burgher*, and the interest of Lacour in the subject insured was never mentioned or alluded to in any of the transactions with the defendants, even down to the preliminary proofs. I am of opinion that this is a fatal variance.

There are no general words, such as for the "benefit of whom it may concern," or "as the property may appear," &c. but simply an insurance to Burgher. There is no allegation of an assignment by Burgher to Lacour of an interest whereby, under our code, a suit might be brought in the name of both as the parties in interest, but a complaint which avers an insurance to both, on a joint interest and a joint loss. The proof shows a joint loss, but an insurance to Burgher alone; and the attempt is to recover as on a joint insurance.

Whatever may be the rule in foreign countries, in the United States it seems to be well settled that such an insurance is by one alone, and for his own and sole benefit; even in case of a partnership, and where the property insured was partnership property. But in this case there is no evidence of a partnership, but only of a joint ownership. Even, however, if there were a partnership, I regard the rule as settled in this country, that this was an individual contract of Burgher's, insuring only his interest, and not that of the firm and for their benefit. In

*Graves & Barnwall* v. *Boston Marine Insurance Company,* (2 *Cranch,* 419,) the question came up directly, and was elaborately twice argued and definitely settled. Marshall, chief justice, ruled that under no rule of proceedings on a special contract could the interest of a copartnership be given in evidence on an averment of individual interest; or an averment of the interest of a company be supported by a special contract relating in its terms to the interest of an individual. In that case the plaintiffs were partners, and the property insured belonged to the firm, but the policy was made out in the name of Graves alone, and the court held that the interest of Barnwall could not be considered as insured. If it was insured it must be as the interest of Graves. That case has been recognized as the law in this country since that time. Chancellor Kent, (3 *Kent's Com.* 258,) citing that case, says, if one partner insures in his own name alone, the policy will cover his undivided interest in the partnership and no more; but if it had the words "whomsoever it may concern," it will cover the whole partnership interest. In 2 *Duer on Insurance,* the same rule, upon the same authority, is recognized, as it was in *Turner* v. *Burrows,* in this court, (5 *Wend.* 541,) and in the court for the correction of errors, (8 *Wend.* 144.)

The verdict must therefore be set aside, and a new trial granted; costs to abide the event.

[New-York General Term, December 5, 1853. *Edmonds, Edwards, Mitchell* and *Roosevelt,* Justices.]