[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 224 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 225 
There are two principal grounds on which the defendants rely to defeat the action of the plaintiff.
1st. That Lake, the assignor of the plaintiff and the assured named in the policy, broke the conditions of that instrument, by having other prior insurance on the property therein insured, or on some part thereof, without notice to and consent of the company in writing, as required by the conditions of their contract.
2d. That the insured having (as is claimed) stated in the proofs of loss submitted to the defendants that he had other insurance on the same property, the plaintiff is estopped from showing the contrary thereof, though the contrary be true; and that the declaration thus made is conclusive evidence of the fact asserted by the defendants.
1. The learned justice who tried the action has found, as a conclusion of fact, that the assured kept and performed the conditions of the policy to be kept and performed by him; and that the defendants have failed to establish the defence stated and averred in their answer. This is tantamount to a finding of fact, that the assured did not have other prior insurance on the property insured by the policies from the defendants. To this finding the defendants excepted. The first inquiry then is, is that finding contrary to all of the evidence in the case? It is shown by the stipulation, which was read in evidence, that the assured, before the issuing of the policies in suit, did procure a policy from a company at Hartford. The proofs of loss, verified by his oath, and delivered to the defendants, aver that there was other insurance *Page 227 
on the same property, and specify the last named policy as the one by which it was made. There are certain phrases in the description of the matter insured, contained in the Hartford policy, which may apply to the property covered by the policies issued by the defendants. On the other hand, there are certain phrases in the policies in suit which are not contained in the description in the Hartford policy.
Again: the assured, as a witness in this case, testifies that the policy from the Hartford company does not cover the same property as do the policies in suit; and that it was by an unintentional mistake that it was stated in the proofs of loss that there was other insurance on the same property; and that his understanding of the statement in the proofs of loss was that it declared that the other insurance was on property in general, covering a lot of other property, and not covering this property. There was also a policy of insurance from another company in New England. It is not shown that it was procured by the assured in the policies in suit. The proofs of loss state, as to this one also, that it was on the same property. The assured testified as to this policy also, that it does not cover the same property, and testified, as before stated in regard to it, as to his intentions and his mistake. The description in this policy differs from that of all the others, and is not so specific as to point unmistakably to the same property. There is a conflict of testimony here. The two statements of the assured, each under his oath, are at variance. There is not entire accord in the descriptions in the several policies. It was for the trial court, having the witness before it, beholding his demeanor, to judge of the strength of his testimony and the weight to be given to it, and to decide whether his statement as a witness overcame his statement in the proofs of loss, and also, in light of all the facts disclosed, to pass upon the differences in the description of the property contained in the several policies. Here was a case for the trial court to exercise its province of finding what was the fact. There is not so clear a contradiction between the finding made and the evidence returned, as will *Page 228 
warrant this court in holding as matter of law that there was error therein. Here the learned and acute counsel for the defendants insists that the documentary evidence showed, beyond a doubt, that the Hartford policy did in fact cover the same property as that mentioned in the policies issued by the defendants; and that, although Lake, the assured, denied this, his evidence must yield to the plain meaning of the written policies. Without conceding or denying that their meaning is so plain, we say that this view was one to be presented to the trial court and not to this. It can be yielded to here only by reversing the finding on a question of fact arrived at through a consideration of conflicting evidence. This we may not do. The result is, that the defendants did not make out the affirmative defence set up in their answer.
2. The second ground taken by the defendants arises on the objection taken to the admission of testimony. If we catch aright the exact point sought to be made in the objection taken, at the trial, to the testimony offered by the plaintiff in contradiction of the statement of the preliminary proofs, it is this. One branch of that objection is, that they being part of a contract cannot be reformed, save by an action to that end. This is not renewed upon the brief submitted in this court, and indeed is not tenable. The proofs of loss are not part of the contract of insurance, nor a part of any contract. The contract of insurance requires that they shall be rendered, but it does not make them when rendered, a part of itself, as sometimes an application for insurance is made. They are the act or declaration of one of the parties to a pre-existing contract, in attempted compliance with its conditions. The other party to the contract is not a party to this act or declaration, takes no part in making it, does not assert that it is a true statement, and is not bound thereby. The instrument which makes the proofs of loss may be amended by the insured at his will, subject always to the necessity that it be furnished to the insurer in such reasonable time as to meet the requirements of the conditions of the policy. *Page 229 
The other branch of the objection is, that the assured, having made his verified proofs of loss with this statement in it, had led them into a particular defence, and is estopped to deny it. The fact that there is a verification does not of itself conclude the assured. It has been repeatedly held to to the contrary. (Smith v. Ferris, 1 Daly, 18-20, and cases there cited.) If by this objection is meant, that the plaintiff is estopped to show the existence of a contract of insurance, and the circumstances which have created a liability to him on the part of the defendants, and that this rests upon the established doctrine of an estoppel in pais, we cannot so hold. The proofs of loss do not create the liability to pay the loss. They do no more in this aspect than to set running the time at the end of which the amount contracted for shall become payable, and at which action may be brought to enforce the liability. All the elements of an estoppel in pais are lacking. It arises from an act or declaration of a person, intended or calculated to mislead another, on which that other has relied, and has so acted or refrained from action, as that injury will befal him if the truth of the act or declaration be denied. Now the declaration of the assured in the proofs of loss was not intended nor calculated to mislead the defendants into any change of their situation, by which they assumed a liability to him or assented to the existence of one. Its natural effect, if it is to be interpreted as the defendants claim that it should be, is to prevent an assent to the existence of a liability; and it had no effect, if thus interpreted, to create one. Nor did the defendants rely upon this declaration, and thereupon change their situation so as to contract or incur a liability. Before it was made they had done that from which their liability took its rise. Nor does the exhibition of the truth, though at enmity with the declaration, create or increase or change the liability. The case differs from two of those cited by the defendants (The Trustees, etc., v.Williams, 9 Wend., 147, and Sheppard v. Hamilton, 29 Barb., 156), for in each of those the plaintiff, having an option of two courses of action in which to enforce a claim against *Page 230 
the defendant, was led by the declaration of the latter, calculated to mislead, to take one which he could not afterward forsake without injury, but which he must be defeated in and forsake, if the defendant was permitted to falsify his declaration. And the fact stated there, in the declaration of the defendant, was the sole fact material in affecting the action of the plaintiff. Those cases do not go upon the ground that the declaration of the defendant led the plaintiff to sue; but on this, that he having a valid claim which might be sued in one form or another, or upon one instrument or another, dependent upon the existence of a certain fact; the statement of the defendant averring the existence of that fact, led to the adoption by the plaintiff of one of those courses, to abandon which or be driven from it afterward would have been of injury to the plaintiff; therefore the defendant was held to be estopped from denying the truth of that statement. If, notwithstanding the statement of the existence of that fact, the plaintiff had still been obliged to inquire for the existence of other facts, and to rely upon them also to sustain the course of action adopted, those decisions would have been different. The plaintiff's situation there, was changed after the declaration and by reason of it. Here the defendants' situation, as to its liability, is not changed thereby. It does not appear that, relying upon the defence supposed to be furnished by the statement in the proofs of loss, any other tenable defence had the go-by.
It is suggested, that the plaintiff claimed on the trial that the other insurance was not on the same property, by reason of the words "on storage" in these policies, and that these words meant that the subject insured was the property of some one other than the insured, and that, if this had been revealed by the proofs of loss, another defence would have been opened to the defendants; that then they would have insisted that the assured had no insurable interest, or that he had avoided the policy by omitting to state that his interest was not absolute. We do not understand that the plaintiff claimed on trial that the words mentioned meant *Page 231 
that the property was not his. Indeed the witness, Lake, did not quote or refer to these words. The learned justice who tried the cause does, indeed, refer to them in his opinion, but only to enforce his position that the defendants, having the burden of proof upon them, did not give to the court all the light which they should have done, if they would bring the court to see the case as they did. It is not perceived that this phrase was of such vitality in the case, as that the plaintiff's right of action hinged upon it, or that the true interpretation of it depended upon any fact, which would have afforded to the defendants another tenable defence.
The decision in New York Central Insurance Company v.Watson (23 Mich., 486) does not conflict with these views; while that of Commerce Insurance Company v. Huckberger
(52 Ill., 464) and of Hoffman v. Ætna F. Insurance Company (1 Robt., 501, affirmed 32 N.Y., 405-415) aid it.
Irving v. Excelsior F. Insurance Company (1 Bosw., 507) is also cited by defendants. With respect for the considerate views of the learned judge who delivered the opinion in that case, we are bound to say that the utterance relied upon is obiter. Though it is said there that the plaintiff was concluded by the statement in his proofs of loss, and could not be heard to controvert it, yet the testimony which was objected to on that ground, and was received at trial notwithstanding objection, is considered on review, is given weight to as harmonizing with and confirming the statement, and judgment is given for the plaintiff, the statement being held to be substantially true. It is plain that the view taken of this point did not conduce to the judgment, and was not necessary to the judgment arrived at. So far as the dictum in that case is put upon the rendition of the proofs of loss being a condition precedent to a recovery, we shall allude to it further on. The case of Campbell v. CharterOak Insurance Company (10 Allen, 213) went mainly upon that ground. Says DEWEY, J., delivering the opinion of the court: "A true statement was called for by the conditions of the policy. It was a condition precedent to the liability to be called upon *Page 232 
to pay the loss. If this be rejected as being a false statement, then no statement has been filed, and for that reason the plaintiff cannot recover. If allowed to stand as part of the statement, the policy has been avoided. It is difficult to perceive how the dilemma can be avoided while this statement remains as the only one filed with the company." There are some observations of the learned judge, which look toward a recognition of the applicability, of the doctrine of an estoppelin pais, to the facts of the case. But there is nothing putting it squarely on that ground; and if there was, we should be compelled to differ for the reasons above stated. And, indeed, we may say that it seems to be with hesitation that the learned judge comes to the result, on any ground, that the assured was concluded by the statements in his proofs of loss. There is nothing in the case in hand which compels us to express an opinion upon the soundness of the view contained in the passage, which we have quoted from the opinion in the case last cited, and which is, to some extent, put forth in 1 Bosworth (supra). The conditions of the policies in the case here, require that the assured shall render a particular account of his claim, with an affidavit stating the time and circumstances of the fire, the other insurance if any, and a copy of all policies, etc.; and it is declared that until such proofs are rendered the loss shall not become payable. The current of the decisions runs to this: That courts will not be astute to find ways to work the forfeiture of a contract of insurance; rather they will strive to uphold it, and will construe conditions and provisions in a policy strictly against an underwriter, and will incline to uphold the agreement. The terms of the condition will not be enlarged by construction to include what is not within its letter. With this in view, what is the claim of the defendants? This: That the conditions of the policy are, that "if theassured shall have any other insurance on the property therein insured, or any part thereof, without notice to and consent of the defendants in writing, the policy shall be null and void;" that the proofs of loss do state that "there was other insurance on the same *Page 233 
property," and give copies of the written parts of the policies; that this shows that the assured has violated the condition against his having other insurance; that thus the proofs of loss do declare to the defendants that the policies issued by them to him are "null and void;" and that, relying upon that, they may make that defence and need make no other, for the plaintiff is concluded from denying the existence of the facts which he has thus averred. This chain has one imperfect link. The assured does not declare, in his proofs of loss, that he had other insurance on the property. He declares only that there was other insurance upon it, which he is required to do by the terms of the clause in the policy which provides for the rendition of proofs of loss. The two things, other insurance had by the assured, and other insurance on the property, are not the same. (Ætna F. Ins. Co. v. Tyler, 16 Wend., 385; Rowley v.Empire Ins. Co., 3 Keyes, 557.) He has not then, stated in his proofs of loss that which shows that he has made null and void his policies, and has not thus furnished to the defendants a defence upon which they may rely. Hence the plaintiff is not estopped by the statement of that as a fact. He has declared to them only that there was other insurance, it may be of him or of some other man. They still are without the material for a perfect defence, and remain so until they learn and are able to show that such other insurance, was insurance had by the assured. Though they did at the trial show this fact, by the stipulation read, as to one of the policies of the other insurance, that was proofaliunde the proofs of loss. The plaintiff had a right to combat it, and, in view of the trial court, he combated it successfully, by proving to its satisfaction that it was not on the same property.
It is contended that no inference can possibly be made, from the statements in the proofs of loss, save that the assured in these policies did have the other insurance. The defendants thus ask, in effect, that setting up a technical defence, they shall be sustained in it, in the absence of express showing, by an inference; and thus there be wrought a forfeiture *Page 234 
of a contract, which the law looks upon with disfavor, solely upon the ground of an estoppel in pais, which the law equally disrelishes. For the law loves that the truth come to light; but an estoppel hides it. It is permitted to do so only that a fraud shall not be wrought. We are not inclined to go the length that is demanded, in such a case as this.
There was one other objection made at the trial, which is referred to in the points in this court, and should be noticed. To the witness, Lake, was put the question: "The buggy, chariotees, lumber-wagon, and other vehicles — was that the same property as mentioned in either of the policies sued upon?"
It was objected that it was incompetent for the witness to state whether it was or not — the description should control. We understand this objection to raise the point that Lake, being a party to the contract of insurance containing this description, could not contradict it by parol. The rule that parol testimony may not be given to contradict a written contract, is applied only in suits between the parties to the instrument or their privies. The parties to a written instrument have made it the authentic memorial of their agreement, and for them it speaks the whole truth upon the subject-matter. It does not apply to third persons, who are not precluded from proving the truth, however contradictory to the written statements of others. Strangers to the instrument, not having come into this agreement, are not bound by it, and may show that it does not disclose the very truth of the matter. And as, in a contention between a party to an instrument and a stranger to it, the stranger may give testimony by parol differing from the contents of the instrument, so the party to it is not to be at a disadvantage with his opponent, and he, too, in such case, may give the same kind of testimony. (Badger v. Jones, 12 Pick., 371; Reynolds v.Magness, 3 Iredell, 26.)
The judgment appealed from should be affirmed.
All concur.
Judgment affirmed. *Page 235