AUGUST TERM, 1881.        129

Waldeck and another vs. The Springfield Fire & Marine Ins. Co.

WALDECK and another vs. THE SPRINGFIELD FIRE & MA-
RINE INSURANCE COMPANY.

*September 29 — October 18, 1881.*

INSURANCE AGAINST FIRE: EVIDENCE: VARIANCE. *(1) Assured not
bound by mistakes in proofs of loss. (2) Variance disregarded.*

1. Where the assured has made an honest mistake in his proofs of loss as to
a material fact (in this case, as to the manner in which the fire orig-
inated), he may, in his action on the policy, introduce evidence to correct
the mistake and show the real facts, at least where this will not operate
as a surprise upon the insurer.
2. Where the complaint alleges the making of such proofs of loss, without
averment of any mistake therein, the variance created by proof of such
mistake should be disregarded, under section 2669, R. S.
    CASSODAY, J., dissents.

APPEAL from the Circuit Court for *Milwaukee* County.
    Action upon a policy of insurance against fire. It is
alleged in the complaint that the proofs of loss required by
the policy were made by the plaintiffs and received by the
defendant. The answer avers that the policy contained a con-
dition that the defendant should not be held liable by virtue of
the policy for any loss occasioned or caused by the bursting of a
boiler, or by explosion from any cause, and that if the premises
should be damaged or destroyed by the bursting of a boiler
or by explosion from any cause, the said policy should be null
and void the instant the casualty by explosion occurred; that
the property was destroyed by a fire caused solely by an ex-
plosion or bursting of a boiler; that the plaintiffs, in their
proofs of loss served upon defendant, alleged and stated under
oath, that the fire originated from explosion of a boiler, the
fire ensuing afterwards; and that plaintiffs have at no time
recalled said proofs of loss, or corrected the said statement
therein contained, but said statement now and still remains as
part and parcel of the original proofs of loss.
    Other facts will sufficiently appear from the opinion. There

was a verdict for the defendant; and, from a judgment thereon, the plaintiffs appealed.

For the appellants there was a brief by *Cottrill, Cary & Hanson*, and oral argument by *Mr. Cottrill:*

In the absence of proof of fraud, or that the proofs of loss were made with intent to deceive, or that the defendant had sustained some damage, or omitted some defense or to do some act for its benefit, in consequence of them, the proofs are not conclusive and do not operate as an estoppel.   Wood on Ins., 736, § 427; *Parmelee v. Hoffman Fire Ins. Co.*, 54 N. Y., 193; *McMaster v. Ins. Co.*, 55 id., 222; *Ætna Ins. Co. v. Stevens*, 48 Ill., 31; *Comm. Ins. Co. v. Huckberger*, 52 id., 464; *Parker v. Ins. Co.*, 34 Wis., 363; *Dogge v. Ins. Co.*, 49 id., 501; *Stache v. Ins. Co.*, id., 89.

For the respondent there was a brief by *Finches, Lynde & Miller*, and oral argument by *H. M. Finch:*

The plaintiffs could not contradict, on the trial, the proofs of loss voluntarily signed and sworn to by themselves, and re-affirmed by the allegations in their complaint, without first withdrawing such proofs of loss, and serving new proofs, properly signed and verified, and amending the complaint by properly alleging the facts.   *Campbell v. Charter Oak Ins. Co.*, 10 Allen, 213; *Johnson v. Phœnix Ins. Co.*, 112 Mass., 52; *Little v. Phœnix Ins. Co.*, 123 id., 385; *Irving v. Excelsior Fire Ins. Co.*, 1 Bosw., 507.

COLE, C. J.   In the proofs of loss which were sworn to by the plaintiffs and served upon the company, it was stated "that the fire originated from explosion of the boiler, fire ensuing afterwards."   On the trial it was proposed to show, by various offers of evidence, that there was a mistake in the proofs of loss in that respect, and that the fire originated from another cause.   But the learned circuit court decided that the proofs of loss were conclusive upon the plaintiffs, and that they were estopped from showing the mistake therein, unless

prior to the commencement of the suit they had made out and served new proofs, after having recalled the original proofs. The correctness of this decision is the only question to be considered. Now, while there is some conflict of judicial opinion on this question, it seems to us the better rule is, where the assured has made an honest mistake as to a material fact in his proofs of loss, to allow him to correct the error and show what the facts really are. In principle and reason we see no ground for saying that he is concluded and estopped from showing the mistake. In this case the circuit court must be understood as deciding, in effect, that the plaintiffs, before suit brought, might have recalled the original proofs and made new proofs correcting the mistake. Assuming that to be so, then what objection can there be to allowing the plaintiffs to correct the mistake even on the trial? The only possible objection which we can see to such a practice is, that it might, perhaps, sometimes operate as a surprise on the insurer if the mistake were made known for the first time at the trial. But that objection could not be made here, for it was proposed to show that the agents of the company had ample notice of the mistake in the proofs of loss before the suit was commenced. Indeed there is no pretense that the company was surprised by the proof offered, or would have been misled to its prejudice in defending the action on its merits, even if it had been received. It is true, the complaint counts upon the proofs of loss made by the plaintiffs and received by the defendant on the 15th of July, 1880. But if it had been shown that these proofs were erroneous, it would have amounted to nothing more than a variance, which should be disregarded, under section 2669, R. S.

On the general proposition as to whether the assured may show that an honest mistake has been made in the proofs of loss as to a material fact, Mr. Wood, in his work on Insurance, states the rule as follows: "When the assured has erroneously stated certain facts in his proofs of loss, *without any fraud-*

*ulent intent*, as to the quantity of property destroyed, or their value when the *cost* thereof is only stated in the proofs, as required by the insurer, or as to the occupancy of the property at the time of the loss, or in reference to other insurance, he may show that the proofs are erroneous, and what the facts really are." Section 427. In *Parker v. Amazon Ins. Co.*, 34 Wis., 364, the court affirmed the doctrine that an honest mistake in the proofs of loss as to the ownership of the property destroyed, though sworn to, was not fatal to a recovery. In that case the proofs were made out by the agent of the company, and sworn to by one of the owners, who testified on the trial that he did not know what they contained. The mistake there was made under circumstances quite like those in the present case, according to some offers of evidence made. But the principle of the *Parker Case* was recognized in *Stache v. Ins. Co.*, 49 Wis., 89; *Dogge v. Ins. Co.*, id., 501.

In *McMaster v. Ins. Co.*, 55 N. Y., 222, this question is very clearly and ably discussed in the opinion. There the proofs of loss, verified by the assured, contained a statement that there was other insurance at the time of the issuing of the policy. The court decided that this did not estop him from showing that there was a mistake in that respect. Judge FOLGER, in giving the opinion, says: "The proofs of loss are not part of the contract of insurance, nor a part of any contract. The contract of insurance requires that they shall be rendered, but it does not make them, when rendered, a part of itself, as sometimes an application for insurance is made. They are the act or declaration of one of the parties to a preëxisting contract, in attempted compliance with its conditions. The other party to the contract is not a party to this act or declaration, takes no part in making it, does not assert that it is a true statement, and is not bound thereby. The instrument which makes the proof of loss may be amended by the insured at his will, subject always to the necessity that it be furnished to the insurer in such reasonable time as to meet the require-

ments of the conditions of the policy." In another part of the opinion, when speaking of the doctrine of estoppel, he says: "The proofs of loss do not create the liability to pay the loss. They do no more in this aspect than set running the time, at the end of which the amount contracted for shall become payable, and at which action may be brought to enforce the liability. All the elements of an *estoppel in pais* are lacking." Pages 228–9. Equally clear and emphatic is the decision in *Parmelee v. Hoffman Ins. Co.*, 54 N. Y., 193. See also *Ætna Ins. Co. v. Stevens*, 48 Ill., 31; *Commercial Ins. Co. v. Huckberger*, 52 Ill., 464.

The cases of *Campbell v. Ins. Co.*, 10 Allen, 213, and *Irving v. Excelsior F. Ins. Co.*, 1 Bosw., 507, which are mainly relied on to support the opposite view, that the assured cannot, on the trial, contradict the proofs of loss and establish a different state of facts, by showing that the proofs were made under a mistake, are commented on by Judge FOLGER in *McMaster v. Ins. Co.*, *supra*, and we do not care further to discuss them. In the former case, Judge DEWEY observes that "we do not mean to say that the party may not correct mistakes of fact in his original statement, but such corrections are not for the first time to be made known to the insurers at the trial of the action to recover for the loss, by the introduction of evidence showing that the statements filed were not true in a material fact, which, if it existed as stated, was fatal to the right of the insured to recover." Page 219. Within the doctrine as here qualified or limited, some of the evidence offered would be admissible; for it was proposed to show, as we have said, that the agents of the company were apprised of the mistake in the proofs of loss before the action was brought. But we prefer to rest our decision on the broad ground above stated.

In the answer the defendant rested its defense on the ground that the property was destroyed by a fire caused by an explosion or bursting of a boiler then in the building covered by the

policy, and that the company was not liable for such a loss. A clause in the policy is relied on, which is to the effect that the defendant should not be held liable, by virtue of the policy, for any loss occasioned or caused by the bursting of the boiler, or by explosion from any cause; and further, that if the premises insured by the policy should be damaged or destroyed by the bursting of a boiler or by explosion from any cause, the said policy was to be null and void the instant the casualty by explosion occurred. It was proposed to show that the fire originated from an entirely different cause than the explosion of the boiler; in other words, that the explosion of the boiler did not cause the fire which destroyed the property. According to the views already expressed, the evidence was admissible, and it was competent for the plaintiffs to show that there was a mistake as to the origin of the fire stated in the proofs of loss. It was not shown, or attempted to be shown, as a matter of fact, that the explosion did actually cause the fire which destroyed the property. Whether or not, if the explosion did cause the fire, the company would be liable for the loss, is not a question before us. The learned counsel for the plaintiffs insists that the company would be liable, even though the fire which destroyed the building was caused by the explosion of the boiler. He contends that the effect of this clause is only to exempt the company from a loss resulting from an explosion simply, without reference to a fire, and does not refer to a loss by fire which is caused or originates from an explosion. But whether this is the proper construction of the clause in question, we shall not now attempt to determine. Neither will we attempt to construe the other clause in the policy, which provides that if the premises shall be damaged or destroyed by the bursting of a boiler, or by explosion from any cause, the policy shall be null and void the instant the casualty by explosion occurs. The answer does not set up the defense that the policy terminated the instant the boiler exploded, and that, therefore, the company was not liable

Waldeck and another vs. The Springfield Fire & Marine Ins. Co.

for a loss occasioned by fire which subsequently occurred from some cause. The two clauses in the policy above referred to are important, and were not very fully discussed on the argument. As it is unnecessary to determine their meaning and effect on this appeal, we leave them for future consideration.

The judgment of the circuit court must be reversed, and a new trial ordered.

CASSODAY, J. With much deference for the opinion of the court, I am compelled to withhold my assent, on the ground that, (1) the gravamen of the complaint is, in effect, the loss by a fire originating in the manner described in the proofs of loss required by the policy, and made and verified by the oaths of the plaintiffs, and by them served on the defendant July 15, 1880; and that the defense relied upon is, in effect, that the fire did originate in the manner stated in such proofs, and that the loss was therefore excepted by the terms of the policy, and that the plaintiffs had at no time recalled said proofs, nor corrected the statement therein contained; (2) that the mere fact that the defendant made no response when notified by the plaintiffs that there was a mistake as to the origin of the fire in the proofs of loss served, did not, under such pleadings, estop the defendant from objecting to evidence tending to prove that the fire originated in a way not mentioned nor referred to in any proofs of loss served, or any pleadings in the case; and such evidence should, in my opinion, have been excluded.

*By the Court.*— Judgment reversed, and a new trial ordered.