ELIZA HOGAN, administratrix, vs. METROPOLITAN LIFE
INSURANCE COMPANY.

Hampden.     September 25, 1895. — October 18, 1895.

Present: FIELD, C. J., KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Life Insurance — Truth of Statement in Application — Evidence.*

An applicant for life insurance, in reply to the question, " Has the life proposed
now or ever had disease of the kidneys?" answered, "No." In the proofs of
death, furnished in accordance with the requirements of the policy subsequently
issued, were this question and answer: " What sicknesses previous to the last
one did the deceased have? Give particulars of each sickness, with dates."
" Kidney trouble, two years ago." The application was made less than two
years before the proofs of death were filed. In an action upon the policy, the
answer set up that the answer to the question in the application was false.
*Held,* that evidence was admissible to show that it was true.

CONTRACT, upon a policy of insurance for $150, issued by the
defendant on July 11, 1892, upon the life of David W. Hogan,
the plaintiff's intestate. At the trial in the Superior Court,
before *Hopkins,* J., the jury returned a verdict for the plaintiff;
and the defendant alleged exceptions to the admission of certain
evidence, the nature of which appears in the opinion.

*E. H. Lathrop,* for the defendant.

*J. B. Carroll,* ( *W. H. McClintock* with him,) for the plaintiff.

KNOWLTON, J.    The defendant set up in its answer that the
assured in his application, which was a part of the contract of
insurance, in reply to the question, " Has the life proposed now
or ever had disease of the kidneys? " answered, " No," and that
this answer was guaranteed by the assured to be true, when in
fact it was false.    Upon the issue thus presented, the plaintiff
introduced the testimony of witnesses tending to show that the
answer was true.    The defendant objected, and excepted to the
introduction of the testimony, on the ground that in the proofs
of death furnished in accordance with the requirements of the
policy, and signed by the plaintiff, were this question and answer:
" What sicknesses previous to the last one did the deceased
have?    Give particulars of each sickness, with dates."    " Kid-
ney trouble, two years ago."    The defendant contended that by

this answer in the proofs of death the plaintiff was estopped to show that the deceased did not have kidney disease at the time of making the application, which was less than two years before the proofs were filed. Its counsel relies on *Campbell* v. *Charter Oak Ins. Co.* 10 Allen, 213, in which it is said that corrections of mistakes in proofs of death " are not for the first time to be made known to the insurers at the trial of the action to recover for the loss, by the introduction of evidence showing that the statements filed were not true in a material fact, which, if it existed as stated, was fatal to the right of the insured to recover." This case has not been generally followed in other jurisdictions. *Parmelee* v. *Hoffman Ins. Co.* 54 N. Y. 193.    *McMaster* v. *Insurance Co. of North America,* 55 N. Y. 222.    *Insurance Co.* v. *Rodel,* 95 U. S. 232.    *Waldeck* v. *Springfield Ins. Co.* 53 Wis. 129.    *Bentz* v. *Northwestern Aid Association,* 40 Minn. 202.    *Smiley* v. *Citizens' Ins. Co.* 14 W. Va. 33.    In this Commonwealth it has never been treated as enunciating a doctrine of universal application, nor extended to facts differing from its own.    *Cluff* v. *Mutual Benefit Ins. Co.* 99 Mass. 317.    *City Five Cents Savings Bank* v. *Pennsylvania Ins. Co.* 122 Mass. 165.    *Little* v. *Phoenix Ins. Co.* 123 Mass. 380.

But if it is given full effect as an authority, the plaintiff was rightly permitted to introduce her testimony.    In the first place, if the answer given in the proofs is true, it cannot be said, as matter of law, that the answer in the application is untrue.    It is conceivable that there might have been a "kidney trouble" from accident or from some other temporary cause, such as to produce sickness, when it could not properly be said that there was "disease of the kidneys."

Even if the assured had had disease of the kidneys, and his answer was therefore untrue, it does not necessarily defeat the action upon the policy.    If we treat the statements contained in the application as warranties, it is held that St. 1887, c. 214, § 21, re-enacted in St. 1894, c. 522, § 21, is applicable to them. *White* v. *Provident Savings Assurance Society,* 163 Mass. 108. *Levie* v. *Metropolitan Ins. Co.* 163 Mass. 117.    This section is in these words: "No oral or written misrepresentation made in the negotiation of a contract or a policy of insurance, by the assured or in his behalf, shall be deemed material, or defeat or

avoid the policy, or prevent its attaching, unless such misrepresentation is made with actual intent to deceive, or unless the matter misrepresented increased the risk of loss." However it may be in regard to warranties in terms fully written out on the face of the policy, it is held that the statute was intended to apply to statements in the application called warranties. Falsity of statement would therefore be a defence only if the matter misrepresented increased the risk, or if the statement was made with intent to deceive. In the present case, if the answer in the proofs of death were to be interpreted as the defendant contends, it would not show that the defendant was not liable. The jury might find that the matter misrepresented did not increase the risk, and that the statement was not made with intent to deceive. Apart from the questions of fact involved in this defence, the proofs showed that the plaintiff was entitled to be paid in accordance with the provisions of the policy. *Campbell* v. *Charter Oak Ins. Co.*, *ubi supra*, has never been extended to a case where the matter stated in the proofs did not, if true, show a valid defence to a claim under the policy. The evidence was rightly admitted.                              *Exceptions overruled.*