Henry E. White, Respondent, *v.* The Royal Insurance Company, Appellant.

Fire Insurance — Statement of Origin of Fire not Conclusive upon Insured. When a policy of fire insurance stipulates that the insured shall, in case of loss, render to the insurer a sworn statement of his "knowledge and belief" as to the origin of the fire, and the insured renders a statement of what he had been ."informed" was the origin of the fire, and no question of surprise is raised on the trial, he is not estopped or precluded from showing that in fact the fire originated from some other cause.

*White* v. *Royal Ins. Co.*, 8 Misc. Rep. 613, affirmed.

(Argued April 21, 1896; decided May 26, 1896.)

Appeal from judgment of the General Term of the City Court of Brooklyn, entered upon an order made May 28, 1894, which affirmed a judgment in favor of plaintiff entered upon a verdict and also affirmed an order denying a motion for a new trial.

This was an action upon a policy of fire insurance.

The facts, so far as material, are stated in the opinion.

*S. Hanford* for appellant. It was error to deny the motion to dismiss made at the close of the plaintiff's case, and the defendant's objection to such denial was well taken. (*Campbell* v. *C. O., etc., Co.*, 10 Allen, 213; *Irving* v. *E. F. Ins. Co.*, 1 Bosw. 507; *De Grove* v. *Met. Ins. Co.*, 61 N. Y. 594; *Ins. Co.* v. *Newton*, 22 Wall. 32; *C. M. L. Ins. Co.* v. *Schwenk*, 94 U. S. 593; *C. M. L. Ins. Co.* v. *Siegel*, 9 Bush, 450; *Waldeck* v. *S. Ins. Co.*, 53 Wis. 126; *Keels* v. *M. R. F. L. Assn.*, 29 Fed. Rep. 198.)

*J. Stewart Ross* and *James P. Philip* for respondent. The case was properly submitted to the jury, and the evidence in the case amply warranted the verdict rendered. (*Parmelee* v. *H. F. Ins. Co.*, 54 N. Y. 193; *McMaster* v. *Ins. Co. of N. A.*, 55 N. Y. 228; *Spencer* v. *C. M. L. Ins. Assn.*, 3 Misc. Rep. 458; Bacon on Ben. Soc., etc., Ins. § 471; May on Ins. [3d ed.] § 465; *Roby* v. *A. C. Ins. Co.*, 11 N. Y. S. R. 93.)

O'BRIEN, J. The plaintiff recovered in this action upon a policy of insurance, and the appeal presents but a single question of law. One of the conditions of the policy was that it should be or become void in case any benzine was kept or used upon the premises which was the subject of the insurance. It was also stipulated in the policy that in case of a loss by fire the insured should, within sixty days thereafter, render a statement to the defendant signed and sworn to by him, stating his knowledge and belief as to the time and origin of the fire. The policy was issued on the 5th day of August, 1891, and on the 7th day of November following the property insured was destroyed by fire. Subsequently, and about the 16th of November, 1891, the plaintiff delivered to the defendant the statement required by the policy, duly verified, which stated the time of the fire and also the origin thereof, as follows:

" The wife of affiant, as deponent is informed, was cleaning clothes with benzine, and it accidentally upset and caught fire."

On the trial the plaintiff was permitted to prove, against the defendant's objection and exception, that in fact there was no benzine used or kept upon the premises prior to the fire, and that his wife was mistaken as to the name and identity of the substance which she called benzine. That in fact it was a washing fluid composed of ammonia and kerosene oil, and the question whether benzine had been used or kept on the premises was submitted to the jury. The plaintiff in his verified statement, in addition to the time and origin of the fire as above quoted, also stated : " That the fire did not originate by any act, design or procurement on the part of the insured, or prohibited by said policy, and nothing has been done before or since the fire by said insured, or by the party making this statement and proof, to violate any of the conditions of said policy." The question is whether the plaintiff, in consequence of the statement in his proofs as to the origin of the fire, must be held estopped and concluded thereby and precluded from showing upon the trial that in fact the fire originated from some other cause. In other words, assuming that the plaintiff was mistaken as to his information touching the cause or origin of the fire, was he conclusively bound by the statement at the trial, or was he at liberty to show what the fact was? The statement in the proofs could not be the basis of an equitable estoppel under the circumstances, and we are unable to see how the doctrine of estoppel can properly be applied to the transaction. It is urged, however, that certain authorities which are cited have determined the point in the defendant's favor, and in effect hold that testimony to explain or contradict the statement in the proofs is not admissible. (*Campbell* v. *Charter Oak, etc., Ins. Co.*, 10 Allen, 213 ; *Irving* v. *Excelsior Fire Ins. Co.*, 1 Bosw. 507.) These and other cases cited by the learned counsel for the defendant might, upon a superficial view, seem to sustain his position. But granting that the decisions in these cases proceed upon a sound principle, they differ in some very material respects from the case at bar. It will be found that the policies of insurance there considered either required the assured to furnish *statements of the facts*

or else that the company was taken by surprise at the trial by the offer of proof, and that it was rejected on one of these grounds. There is no question here as to surprise, and no such question was raised at the trial.

In this case the policy did not call upon the plaintiff for the statement of a *fact* in the proofs, nor even for a "just and true account," as in some of the cases. He was required to state simply his *knowledge and belief* as to the origin of the fire. Strictly and literally he did not state either the one or the other, but did state what he had been *informed* on the subject without stating that he had any knowledge or belief as to the real facts. The defendant would be entitled to protection from surprise in such a case, but in the absence of any claim of that kind it is difficult to see how, upon any just principle, the insured could be precluded from proving the actual facts at the trial. The fact that he had been informed that benzine was the cause of the fire, and so stated to the defendant, did not estop or preclude him from showing that in fact it originated from some other cause. There was nothing in the nature of a right resting in the defendant to hold the plaintiff to the consequence of his mistake, if he made one. The position of the defendant is not sustained by any sound or just principle and, as it seems to us, the great weight of authority is against it. (*Parmelee* v. *Hoffman Fire Ins. Co.*, 54 N. Y. 193; *McMaster* v. *Prest., etc., Ins. Co. N. Am.*, 55 N. Y. 229; *Waldeck* v. *Springfield F. & M. Ins. Co.*, 53 Wis. 129; *Conn. Mut. L. Ins. Co.* v. *Schwenk*, 94 U. S. 593; *Spencer* v. *Citizens' Mut. Life Ins. Co.*, 142 N. Y. 505; *Cummins* v. *Agricultural Ins. Co.*, 67 N. Y. 260.)

The other questions in the case were questions of fact and have been determined against the defendant by the verdict of the jury.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.