BARRO v. SAITTA.

(Supreme Court, Appellate Term, First Department. February 13, 1914.)

EVIDENCE (§ 424*)—PAROL EVIDENCE—CONTRADICTING WRITING—EFFECT AS PERSONS NOT BOUND.

Where, in an action by a real estate broker to recover commissions, the defense was that the transaction was not a sale but a loan, it was error to exclude evidence that at the execution of the deed it was agreed orally in the presence of plaintiff that the transaction was a loan, since the rule that parol testimony may not be given to contradict a written contract applies only in suits between the parties to the contract.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1966-1968; Dec. Dig. § 424.*]

Appeal from City Court of New York, Trial Term.

Action by Anthony F. Barro against Philip S. Saitta. From a judgment for plaintiff, defendant appeals. Reversed, and new trial granted.

Argued January term, 1914, before LEHMAN, PAGE, and BIJUR, JJ.

Louis Levy, of New York City, for appellant.

Herman I. Lurie, of New York City, for respondent.

PAGE, J. This is an action to recover $705 as commission upon an alleged sale of real estate by the plaintiff for the defendant. At the trial it was proved that the defendant engaged the services of the plaintiff as broker for the purpose of selling the property, consisting of apartment houses in New York City, and that, after attempting to find a purchaser for several months, the plaintiff brought to the defendant one Barnet Friend who wished to exchange for it some lots in Port Jervis and about $6,000 in cash. The defendant investigated the Port Jervis property and decided that he did not want it. Further negotiations were had, and finally on December 20, 1912, a formal written contract of sale was entered into between the defendant's son, in whom title to the property was vested, and Friend, whereby Friend agreed to purchase the New York City property for $70,500, assuming mortgages aggregating $63,000 and paying $7,500 in cash. On December 24, 1912, title was closed, and upon that day, simultaneously with the giving of a deed to the property by the defendant's son to Friend, a contract of resale was made whereby the purchaser, Friend, agreed to resell the property to the vendor within six months, and the vendor agreed to purchase it for $72,000, or $9,000 over and above the mortgages. The transaction in its final form was thus equivalent to a loan of $7,500 to the defendant by Friend for six months, with a bonus of $1,500 upon the security of the property.

The principal defense to the action was that the transaction was from beginning to end a loan and not a sale, and that all the final negotiations and meeting of the minds of the parties were upon that basis, all of which the plaintiff knew and acquiesced in.

Bearing upon this defense, the defendant took the stand and testified to conversations between himself and the purchaser in the plaintiff's

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

presence on December 19, 1912, the day before the contract of sale was formally drawn up and signed, wherein he alleges that they agreed that it should be a loan. He then attempted to state the conversation which took place in plaintiff's presence upon signing the contract of sale on December 20th. This was ruled out by the learned trial justice upon the ground that the contract fixed and determined the rights of the parties. This ruling was clearly erroneous, as the matter was a collateral question not arising between parties to the instrument itself and not within the parol evidence rule. McMasters v. Pres. of Ins. Co. of North America, 55 N. Y. 222, 234, 14 Am. Rep. 239. In my opinion the strongest evidence in support of the plaintiff's case was the absolute contract of sale entered into between the defendant's son and Friend on December 20, 1912. Had the defendant been permitted to show that at the time of signing this contract it was orally agreed and understood in plaintiff's presence and with his knowledge that the whole deal should be a loan, the result of the trial might have been different. The issue was a very closely contested one, and we cannot assume that the error was not prejudicial.

The judgment should be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.