GUSSIE RAUCH, Plaintiff, Respondent, *v.* JOSEPH WANDER and ADOLPH RAUCH, Defendants, Appellants.

Supreme Court, Appellate Term, First Department, March, 1924.

**Bailments — action for value of fur coat, stolen from defendants' plant while being remodeled — evidence — reversible error to exclude evidence showing defendants' whole transaction involving proof of loss submitted by them to insurance company after burglary — evidence of value of coat insufficient.**

Where in an action for the value of a fur coat stolen from defendants' plant while being remodeled, plaintiff, for the purpose of corroborating her claim that defendants expressly agreed to assume liability for loss by theft or otherwise, put in evidence, over the objection and exception of defendants, proof of loss submitted by them to the insurance company after the burglary, it was reversible error to refuse to permit the defendants to show what happened to their claim against the insurance company and to explain the circumstances connected with the making of the claim, since the plaintiff, having offered proof of the claim in evidence, the defendants were entitled to show the whole transaction.

Evidence of value of the coat was insufficient, since plaintiff could not give its original cost and there was nothing to indicate its present market value.

APPEAL by defendants from a judgment of the Municipal Court of the city of New York, borough of Manhattan, third district, entered in favor of the plaintiff for $221 and costs.

*Stires & Barron* (*Bernard S. Barron*, of counsel), for appellants.

*Pompan, Price & Greenwald* (*Fraser P. Price*, of counsel), for respondent.

BURR, J.   The cause of action arose as follows:   The plaintiff delivered to the defendants to be remodelled a fur coat and plaintiff alleges the defendants at that time expressly assumed liability in event of loss.   The defendants performed work, labor and services on the coat amounting to seventy-nine dollars.   On August 26, 1922, the defendants' plant was burglarized; the coat was stolen and consequently could not be returned.   The action was brought to recover the value of the coat.   Judgment was given for three hundred dollars, which the court found was the value of the coat less the amount of defendants' counterclaim for seventy-nine dollars for work on the coat, the value of which labor was conceded by the plaintiff.

The main question to be determined by the court was " Did the defendants agree with the plaintiff to remodel her coat and be liable for its value in case of loss? "

For the purpose of corroborating plaintiff's claim that defendants at the time they received the coat expressly agreed to assume liability for its loss by theft or otherwise, plaintiff sought to prove that after the burglary and consequent loss of the coat the defendants made claim against the insurance company to recover its value and put in evidence the proof of loss submitted by defendants to the insurance company after the burglary.   This proof of loss was received in evidence over the objection and exception of defendants.   The defendants then put in evidence the policy of insurance itself containing the following provision:

" *Special Agreement.*   The Company shall not be liable:   *   *   * (5) For loss of or damage to merchandise unless it belongs to the Assured or is held by him in trust or on commission or sold but not removed from the premises, or unless the Assured is liable to the owner thereof for such loss or damage as is covered hereby;" and then sought to show what happened to defendants' said claim against the insurance company and to explain the circumstances connected with the making of the claim.

This evidence was objected to by plaintiff and objection was sustained by the court.   To this ruling defendants duly excepted. The plaintiff having offered the proof of claim in evidence, the defendants were entitled to prove the whole transaction and the exclusion of such evidence was error.   *Singer* v. *National Fire Insurance Co.*, 154 App. Div. 783, 787; *Rubin* v. *Siegel*, 188 id. 636; *McMaster* v. *President & Directors of the Ins. Co. of North America*, 55 N. Y. 222.

There was no evidence as to market value of the coat.   Plaintiff could not say what the coat originally cost.   She had it in use for two years.   The plaintiff's brother testified it cost $300 when

new, and yet a recovery was based on the cost of the coat, $300, two years before, less the claim of defendants for $79 for work thereon, making the net award to plaintiff for the loss of the coat of $221.

I think the evidence of value insufficient on which to base such judgment or award, and furthermore that the court erred in excluding the evidence to which I have called attention, and for these reasons recommend that the judgment be reversed.

Judgment reversed and a new trial ordered, with thirty dollars costs to appellants to abide the event.

GUY and PROSKAUER, JJ., concur.

Judgment reversed.