## SPUND v. CAFRITZ CONST. CO.
### No. 5079.

Court of Appeals of District of Columbia.
Argued March 11, 1931.
Decided April 6, 1931.

Chas. Linkins, of Washington, D. C., for appellant.

Louis Ottenberg, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and GRONER, Associate Justices.

MARTIN, Chief Justice.

An appeal from a judgment entered against appellant in an action brought by appellee to recover upon an alleged contract for the payment of money.

The appellee, the Cafritz Construction Company, as plaintiff below, filed a declaration alleging that it was a licensed real estate broker in the District of Columbia and as such negotiated a sale of certain described real estate to the defendant, Jacob Spund, at and for the price of $30,500; that defendant then agreed to pay plaintiff the sum of 5 per cent. upon the purchase price, to wit, the sum of $1,525, as a broker's commission in the transaction, but that defendant had since failed and refused to pay the same, wherefore plaintiff prayed judgment. The defendant answered alleging that he had purchased the described property for the sum of $30,500, by means of a contract made directly between himself and the owner of the premises, to wit, the Kay-Schnider-Kay Company; and defendant denied that plaintiff had negotiated the sale, or that defendant had agreed to pay plaintiff any sum whatever as a commission in the transaction.

The issue accordingly was one of fact, which was tried upon the evidence. The jury returned a verdict for the plaintiff, and judgment was entered accordingly. This appeal was then taken.

█ The record discloses that the Kay-Schnider-Kay Company, a corporation, was the owner of the property in question, and had listed it for sale with various real estate agents including the plaintiff; that the property was sold to defendant for $30,500; and that the regular commission for such a sale when negotiated by a real estate broker would be $1,525. The evidence strongly supports the claim that the sale was negotiated through the agency of the plaintiff company, and that ordinarily the vendor would have been compelled to pay the commission. However, it is testified by two witnesses that in the course of the negotiations the defendant offered to pay $30,500 for the property, provided the vendor would build two garages and make certain minor repairs upon the premises, but the owner refused to accept these terms unless he should be released from the payment of the broker's commission, and that thereupon the defendant said "he would take care of the commission," and "agreed with Mr. Schnider that he would stand for a five (5%) per cent. commission." These statements were made in the presence of plaintiff's agent while he was negotiating the transaction. It is in evidence that immediately thereafter a written contract of sale was executed between the buyer and seller, the plaintiff not being a party thereto. The written contract contained no specific provision relative to the payment of the commission, but it contained the clause, "The price above is net." It was contended by plaintiff that this was inserted in order to confirm the agreement that the defendant was to pay the commission.

It is true that the testimony relative to defendant's agreement to pay the commission was contradicted by other witnesses, but we accept the verdict of the jury as final upon that point.

█ The principal contention of the appellant is that the lower court erred in admitting oral evidence to prove the defendant's alleged agreement to pay the commission. Appellant claims that such evidence had the effect of varying the terms of the written contract of sale by parol. This contention, however, is not tenable, for the written contract was between the buyer and seller only, and the plaintiff was not a party to it. Nor did it provide for the payment of the commission; which subject rested in parol. Therefore there is no contradiction between the plaintiff's evidence and the terms of the written instrument. But even if such contradiction existed the plaintiff would not have been precluded from introducing evidence as to the issue in the case.

█ "The rule that parol testimony may not be given to contradict a written contract, is applied only in suits between the parties to the instrument or their privies." 10 R. C. L. 1020, § 213.

"Third persons, who are not precluded from proving the truth, however contradictory to the written statements of others. Strangers to the instrument, not having come into this agreement, are not bound by it, and may show that it does not disclose the very truth of the matter. And as, in a contention between a party to an instrument and

a stranger to it, the stranger may give testimony by parol differing from the contents of the instrument, so the party to it is not to be at a disadvantage with his opponent, and he, too, in such case, may give the same kind of testimony." McMaster v. Insurance Co., 55 N. Y. 222, 14 Am. Rep. 239; Lowell Mfg. Co. v. Safeguard Fire Ins. Co., 88 N. Y. 591; Sigua Iron Co. v. Greene (C. C. A.) 88 F. 207.

Appellant also assigns as error the "reopening" of the case with permission to the plaintiff to introduce certain rebuttal testimony. This was not error, for such authority rests in the discretion of the trial court, and that was not abused in this case. The appellant also complains of the court's refusal to give to the jury the instructions requested by him. This complaint is not substantial, for the court clearly and correctly instructed the jury in its own language in the general charge.

We find no error in the record; and the judgment is affirmed with costs.

HITZ, Associate Justice, took no part in the consideration or decision of this case.