## CUNNINGHAM v. DAY BROS. ENGINEERING CO., Inc.

### No. 522.

Municipal Court of Appeals for the District of Columbia.

Sept. 30, 1947.

---

90

Otho D. Branson, of Washington, D. C. with whom Emerson W. Browne, of Washington, D. C., was on the brief, for appellant.

A. M. Goldstein, of Washington, D. C., for appellee.

Before CAYTON,. Chief Judge, and HOOD and CLAGETT, Associate Judges.

CLAGETT, Associate Judge.

Appellee sued appellant and one Wilson on a contract covering the installation of a new water service in premises owned by appellant but leased by Wilson. Judgment was given against both defendants but only Cunningham has appealed.

The issue on appeal centers entirely around alleged agreements, one oral and one written, concerning who would pay for the work which admittedly was performed by the appellee corporation. The total amount claimed was $226.60, made up of $205 for labor and materials furnished by appellee plus certain street repair work. There was received in evidence a written proposal signed for appellee by its president and also signed as "accepted" by Wilson. This contract called for the payment of $205 plus an anticipated street repair bill. Over the objection of appellant, there was also admitted in evidence testimony by a representative of appellee and also by Wilson that prior to the signing of the written contract by Wilson there was a conversation with appellant during which he agreed to pay $175 of the total bill; also that he gave various excuses for not signing the written contract; also that after the work had been completed appellant promised appellee to pay $175 on account of the bill but had failed to do so. Appellant denied such conversations. This question of fact was resolved against appellant by the jury, which returned a verdict of $175 against appellant and $51.60 against Wilson.

Appellant urges as error the admission by the trial court of the testimony regarding appellant's oral agreement to pay $175 on the ground that such evidence violated the parol evidence rule; also, in the alternative, that appellant could not be held liable as a surety on the written agreement except by another written agreement in accordance with the statute of frauds. In the view that we take of the case, it is unnecessary to consider the latter contention because it is clear that appellee relied upon appellant's direct liability under his oral agreement rather than upon any agreement of suretyship.

With regard to the contention concerning the parol evidence rule, appellant urges (and it is not disputed) that he was not a party to the written contract between appellee and Wilson. The general rule is that parties to a written contract are precluded from showing, by parol evidence, that the contract was something different from that contained in the instrument itself. It is equally well settled, however, that such rule cannot be invoked by a third person not a party to the written instrument, the rule having been established for the benefit and protection of actual parties to written instruments.[1] It has sometimes been asserted that the privilege of explaining the written document is not accorded to a party to such document, such as appellee in the present case, but only to his adversary. The federal courts, however, have accorded such right to a party to the instrument in a controversy with a person not a party, on the principle that every estoppel ought to be reciprocal, that is to bind both parties, and also that, as in a contention between a party to an instrument and a stranger to it, the stranger may give testimony by parol differing from the contents of the instrument, so the party to

[1] Patterson v. Texas Co., 5 Cir., 131 F.2d 998, certiorari denied 319 U.S. 761, 63 S.Ct. 1318, 87 L.Ed. 1712; American Crystal Sugar Co. v. Nicholas, 10 Cir., 124 F.2d 477; Indianapolis Glove Co. v. United States, 7 Cir., 96 F.2d 816.

it is not to be at a disadvantage with his opponent, and he too, in such case, may give the same kind of testimony.[2] We conclude, therefore, that the trial court did not err in admitting the disputed evidence. No other error appearing, the judgment is

Affirmed.

[2] Sigua Iron Co. v. Greene, 2 Cir., 88 F. 207, certiorari denied 180 U.S. 637, 21 S.Ct. 920. 45 L.Ed. 710; see Spund v. Cafritz Const. Co., 60 App.D.C. 102, 48 F.2d 1014.