## WALTEMEYER v. STOGNER.

### No. 1460.

Municipal Court of Appeals for the District of Columbia.

Submitted March 8, 1954.

Decided April 2, 1954.

Milton Kaplan and Stanley Klavan, Washington, D. C., for appellant.

1. Burke v. Loughrin, D.C.Mun.App., 91 A. 2d 564.

C. Louis Knight, Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

CAYTON, Chief Judge.

This was a suit on a judgment awarded by a North Carolina Superior Court. The judgment was entered in a suit for damages resulting from a collision in that state between vehicles owned by the respective parties. Process was served on appellant in the District of Columbia, pursuant to a North Carolina statute authorizing out-of-state service on nonresident owners or operators of motor vehicles involved in accidents on the highways of that state.[1] When the case first came before the Municipal Court a summary judgment on the pleadings was entered in favor of plaintiff. We reversed, holding that appellant's answer had raised factual issues as to the existence of basic jurisdictional facts necessary to support the North Carolina judgment. Waltemeyer v. Stogner, D.C.Mun. App., 87 A.2d 175.

The case was then tried on the merits and the trial judge found on the evidence before him (defendant not having offered any evidence in his own behalf) that plaintiff's damage resulted from a collision in North Carolina with a truck owned by defendant and then operated by his agent acting within the scope of his authority. Such findings are not challenged on this appeal.

The trial judge also ruled that the North Carolina court had jurisdiction over the parties and the subject matter, and that the North Carolina judgment was entitled to full faith and credit. Defendant challenges the finding as to jurisdiction in only one repect. The North Carolina statute requires that process be sent to a defendant by registered mail, and that the defendant's return receipt be "appended to the summons or other process and filed with said summons, complaint and other papers in the cause." The judgment roll introduced into evidence in the present action did not contain a registry return receipt. Appellant argues that this established that the North Carolina court lacked jurisdiction.

We think the contention cannot be sustained. The North Carolina judgment roll contained an affidavit of compliance in which plaintiff stated that the return receipt "is hereto attached" and that there had been full compliance with the statute. The judgment of the North Carolina court recited that there had been full compliance with the statute. This showing alone (in the absence of contradicting evidence) would have supported a finding that the return receipt had been filed in the North Carolina case. See Koehne v. Price, D.C.Mun.App., 68 A.2d 806.

But the case was strengthened by an even firmer showing. The trial court on its own motion afforded the parties an opportunity to introduce further evidence on the point. Pursuant thereto appellee (plaintiff below) took the deposition of the Deputy Clerk of the North Carolina court, who swore that the return receipt was appended to the summons and filed in the case. The deposition was accompanied by a certified photostatic copy of the original registry receipt there on file. On this evidence, and with no word of contradiction by defendant, the trial court was eminently correct in ruling that there had been full and complete compliance with the North Carolina statute.

Appellant argues that the deposition was not admissible to supply a defect in the record. But it is plain that the deposition did not have this effect. It merely supported or confirmed a fact recited in the judgment itself—that there had been full compliance with the North Carolina statute. There is likewise no basis for holding that the trial court abused its discretion in reopening the case for the submission of additional proof. See Spund v. Cafritz Const. Co., 60 App.D.C. 102, 48 F.2d 1014; Krupsaw v. W. T. Cowan, Inc., D.C.Mun.App. 61 A.2d 624.

Affirmed.

1. N.C.Gen.Stat.1943, § 1-105.