**Robert BAINUM, Appellant,**

v.

**Alfred WURSTER and Hilda Wurster, Appellees.**

**No. 2100.**

Municipal Court of Appeals for the District of Columbia.

Argued Dec. 23, 1957.

Decided March 31, 1958.

1. Annotation, 164 A.L.R. 402.

Joseph Zitomer, Silver Spring, Md., for appellant.

J. Ambrose Kiley, Washington, D. C., for appellees.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

Appellees sued appellant, a real estate broker, to recover a deposit they had placed with him under the terms of a contract for the purchase of real estate by appellees. The vendor was not made a party to the action.

Appellees' contract was to purchase the property from a Mrs. Fegan at a price of $13,850, with a down payment of $3,500. With respect to the balance the contract provided that appellees would "secure" a first deed of trust of "$10,000 or high as obtainable," and the remaining balance would be secured by a second deed of trust.

Appellees' testimony was that before signing the contract they informed the broker that a portion of the cash involved was to be obtained from friends and that these friends would not advance the money if it were necessary to have a second deed of trust on the property; that the broker assured them he would obtain the necessary financing of the first trust; that they and the broker went to a building association but were unable to obtain a first trust of more than $9,000; and that because of the broker's inability to secure a larger first trust their friends withdrew their financial assistance. Appellees demanded return of their deposit; the broker refused the demand, and this suit was brought.

The broker and his witnesses contradicted much of appellees' testimony, but the trial court found as a fact that the broker knew appellees were dependent on friends for financial assistance and had agreed that he would secure the necessary financing, and that he had failed to do so. On these findings the court gave judgment in favor of appellees for the amount of the deposit.

Though not questioned by appellant either at trial or here, we feel it necessary to discuss the effect of appellees' failure to make Mrs. Fegan, the vendor, a party to this action. Under the ruling in Gauss v. Kirk, 91 U.S.App.D.C. 80, 198 F. 2d 83, 33 A.L.R.2d 1085, the vendor was a conditionally necessary party but not an indispensable party. A mere defect of parties is waived by failure to object,[1] and we note that Mrs. Fegan, though not a party, testified as a witness for appellant.[2]

The main contention of appellant charges that it was error to allow appellees to testify to the oral agreement of appellant to secure the necessary first trust. He says this testimony was violative of the parol evidence rule in that it contradicted the written contract of purchase. Assuming, but not deciding, that the evidence had the effect claimed, it was nevertheless admissible. The parol evidence rule is applicable in controversies between parties to the contract, but cannot be availed of by one not a party, "the rule having been established for the benefit and protection of actual parties to written instruments." [3] Here appellant acted merely as a broker in the transaction. The parties to the contract were appellees and Mrs. Fegan.

Appellant next alleges it was error for the trial court to allow appellees to reopen their case, after resting, to introduce in evidence the written contract of purchase. Appellant concedes, and the law is clear in this regard, that such procedure rests within the sound discretion of the trial court.[4] However, he urges that the court abused its discretion. We cannot agree. The basis for appellees' suit was the oral agreement with appellant and not the written contract. All evidence relating to this agreement was presented during appellees' case in chief. The introduction of the written contract was but the completion of the picture surrounding the transaction. Appellant was not prejudiced by the late tender of this evidence and there was no abuse of discretion in reopening the case for its admission.

Affirmed.

---

1. Eiland v. Robinson, D.C.Mun.App., 109 A.2d 583.

2. Of the $500 deposit the broker kept $200, paid $200 to his salesman, and paid Mrs. Fegan $100. At trial Mrs. Fegan was asked if she objected to the return of the deposit, and she replied that it was not up to her but was up to the broker.

3. Cunningham v. Day Bros. Engineering Co., D.C.Mun.App., 55 A.2d 89, 90. See also Spund v. Cafritz Const. Co., 60 App. D.C. 102, 48 F.2d 1014; 32 C.J.S. Evidence § 861.

4. Waltemeyer v. Stogner, D.C.Mun.App., 103 A.2d 877, and cases there cited.